Thomas N. Abbott (SBN 245568)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
100 SW Main Street, Ste. 1000
Portland, OR 97204
Telephone: (503) 290.2400
Email: Thomas.Abbott@troutman.com

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN KINSEY,<br><br>   Plaintiff,<br><br>   v.<br><br>TRANSUNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Case No. 8:24-cv-00998-FWS-JDE<br><br>Hon. Fred W. Slaughter<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint filed: 5/7/2024 |

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Nathan Kinsey's ("Plaintiff") Complaint (the "Complaint") as follows:

## INTRODUCTION

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff's Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"). Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. As to the remaining allegations of paragraph 1 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, denies, generally and specifically, each and every allegation contained therein.

### PARTIES

2. In response to paragraph 2 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. In response to paragraph 3 of the Complaint, Experian admits that it is an Ohio corporation, with its corporate headquarters in Costa Mesa, California. Experian further admits that it is qualified to do business and conducts business in the state of California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian further admits that it is qualified to do business and conducts business in the state of California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian admits that it is qualified to do business and conducts business in the state of California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 5 of the Complaint.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian admits that it, and Trans Union LLC ("Trans Union") are "consumer reporting agencies" as

defined by 15 U.S.C. § 1681a(f) and, as such, issue consumer reports as defined by 15 U.S.C. § 1681a(d).  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian admits that it and Trans Union are "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f) and, as such, issue consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

10. In response to paragraph 10 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction is proper pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to admission or denial.

11. In response to paragraph 11 of the Complaint, Experian states that Plaintiff has alleged that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Experian states that this is a legal conclusion which is not subject to admission or denial.

## FACTUAL ALLEGATIONS

12. In response to paragraph 12 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged

damages. As to the remaining allegations of paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian admits that it and Trans Union are "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f) and, as such, issue consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the FCRA. Experian affirmatively states that the FCRA speaks for itself, and, on that basis, denies any allegations of paragraph 15 inconsistent therewith. As to the remaining allegations in paragraph 15 of the Complaint, Experian is without knowledge of information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. As to the remaining allegations of paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**PLAINTIFF'S WRITTEN DISPUTE**

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. As to the remaining allegations of paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 27 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 28 which relates to the other

1  defendant, Experian is without knowledge or information sufficient to form a belief
2  as to the truth of those allegations and, on that basis, denies, generally and
3  specifically, each and every remaining allegation of paragraph 28 of the Complaint.
4      29.    In response to paragraph 29 of the Complaint, Experian denies,
5  generally and specifically, each and every allegation contained therein that relates
6  to Experian.  As to the allegations in paragraph 29 which relates to the other
7  defendant, Experian is without knowledge or information sufficient to form a belief
8  as to the truth of those allegations and, on that basis, denies, generally and
9  specifically, each and every remaining allegation of paragraph 29 of the Complaint.
10     30.    In response to paragraph 30 of the Complaint, Experian denies,
11 generally and specifically, each and every allegation contained therein that relates
12 to Experian.  As to the allegations in paragraph 30 which relates to the other
13 defendant, Experian is without knowledge or information sufficient to form a belief
14 as to the truth of those allegations and, on that basis, denies, generally and
15 specifically, each and every remaining allegation of paragraph 30 of the Complaint.

## COUNT I – EXPERIAN AND TRANSUNION
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b)

18     31.    In response to paragraph 31 of the Complaint, Experian repeats,
19 realleges, and incorporates by reference paragraphs 1 through 30 above, as though
20 fully set forth herein.
21     32.    In response to paragraph 32 of the Complaint, Experian denies that it
22 has violated the FCRA and denies that it is liable to Plaintiff for any alleged
23 damages.  As to the remaining allegations of paragraph 32 of the Complaint,
24 Experian is without knowledge or information sufficient to form a belief as to the
25 truth of the allegations contained therein and, on that basis, denies, generally and
26 specifically, each and every allegation contained therein.
27     33.    In response to paragraph 33 of the Complaint, Experian is without
28 knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 34 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Complaint.

35. In response to paragraph 35 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 35 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 36 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 37 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 37 of the Complaint.

38. In response to paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates

to Experian.  As to the allegations in paragraph 38 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint.

### COUNT II – EXPERIAN AND TRANSUNION

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681i

39. In response to paragraph 39 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 38 above, as though fully set forth herein.

40. In response to paragraph 40 of the Complaint, Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.  As to the remaining allegations of paragraph 40 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 42 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 43 which relates to the other

defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Complaint.

44. In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 44 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Complaint.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 45 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 46 which relates to the other defendant, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Experian denies that Plaintiff is entitled to any damages against Experian as set forth in his prayer for relief.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

(FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

**SECOND AFFIRMATIVE DEFENSE**

(IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**THIRD AFFIRMATIVE DEFENSE**

(TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

**FOURTH AFFIRMATIVE DEFENSE**

(INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff was the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

(FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

(LACHES)

The claim for relief set forth in the Complaint is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself, and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that the claim for relief in the Complaint herein is barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## TENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE
### (INDEPENDENT INTERVENING CAUSE)

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## TWELFTH AFFIRMATIVE DEFENSE

### (MOOTNESS)

Plaintiff's claim is barred, in whole or in part, to the extent that the claim or relief sought is moot.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (WAIVER)

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (PREEMPTION)

Any and all state and common law claims Plaintiff bring against Experian are preempted by the federal Fair Credit Reporting Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (IMPROPER REQUEST FOR PUNITIVE DAMAGES)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

| | | |
|---|---|---|
| 1 | (1) | That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety; |
| | (2) | For costs of suit and attorneys' fees herein incurred; and |
| | (3) | For such other and further relief as the Court may deem just and proper. |

Dated: June 4, 2024

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Thomas N. Abbott*
     Thomas N. Abbott

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

- 14 -

EXPERIAN ANSWER TO COMPLAINT
Case No. 8:24-cv-00998-FWS-JDE